UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND; MASON TENDERS DISTRICT
COUNCIL PENSION FUND; MASON TENDERS
DISTRICT COUNCIL ANNUITY FUND; MASON
TENDERS DISTRICT COUNCIL TRAINING FUND;
MASON TENDERS DISTRICT COUNCIL HEALTH
AND SAFETY FUND; and DOMINICK GIAMMONA,
as FUNDS' CONTRIBUTIONS/DEFICIENCY
MANAGER,

                          Plaintiffs,

- against -

BILTMORE GENERAL CONTRACTORS, INC.; and
FRANK GEISER, in his PERSONAL CAPACITY,

                          Defendants.

---------------------------------------------------------------X

Index No.
18 Civ. 5940 (KPF)

STIPULATION
AND ORDER OF
SETTLEMENT AND
DISMISSAL

WHEREAS, Plaintiffs Mason Tenders District Council Welfare Fund, Mason Tenders District Council Pension Fund, Mason Tenders District Council Annuity Fund, Mason Tenders District Council Training Fund, Mason Tenders District Council Health and Safety Fund (the "Funds"), and Dominick Giammona, as Funds' Contributions/Deficiency Manager (collectively "Plaintiffs"), commenced the above-captioned action ("Action") against Biltmore General Contractors, Inc. ("Biltmore") and Frank Geiser ("Geiser") in his personal capacity (collectively "Defendants") on June 29, 2018;

WHEREAS, Biltmore and Geiser were and are bound by the Master Independent Collective Bargaining Agreement with the Union ("Agreement"), that requires Defendants to, *inter alia*: (i) make fringe benefit contributions to the Funds; (ii) submit to the Funds reports detailing the number of hours that Biltmore employees performed work within the trade and geographic jurisdictions of

1

the Agreement ("Covered Work"); (iii) deduct dues checkoffs and Political Action Committee ("PAC") contributions from the wages of employees who performed Covered Work and authorized such deductions in writing; (iv) remit all deducted dues checkoffs and PAC contributions to the Union; and (v) permit the Funds and/or their designated representatives to audit Biltmore's books and records;

**WHEREAS**, the Funds conducted an audit of Biltmore's books and records for the period of January 2, 2016 to March 31, 2017 (the "First Audit"), which revealed that Biltmore failed to pay to the Funds required fringe benefit contributions, dues checkoffs and PAC contributions for Covered Work performed during the First Audit period in the principal amount of $396,933.46;

**WHEREAS**, the First Audit findings were revised on or about July 30, 2018 and reduced to $103,685.96 in principal fringe benefit contributions, dues checkoffs and PAC contributions owed for the First Audit period;

**WHEREAS**, on August 7, 2018, Plaintiffs filed an Amended Complaint to revise the amounts owed by Defendants based on the revised First Audit findings and a $300,000.00 payment made by Biltmore on or about July 2, 2018;

**WHEREAS**, the Funds conducted a second audit of Biltmore's books and records for the period of April 1, 2017 to June 29, 2018 (the "Second Audit"), which revealed that Biltmore failed to pay to the Funds required fringe benefit contributions, dues checkoffs and PAC contributions for Covered Work performed during the Second Audit period in the principal amount of $471,042.03;

**WHEREAS**, on November 9, 2018, Plaintiffs filed a Second Amended Complaint adding, *inter alia*, claims for fringe benefit contributions, dues checkoffs, and PAC contributions owed based

on the Second Audit, and based upon a review of Shop Steward Reports for the period of June 30, 2018 to September 30, 2018;

**WHEREAS**, remittance reports provided by Biltmore for the period of July 1, 2018 to February 28, 2019 ("Remittance Reports") showed that Biltmore failed to pay to the Funds required fringe benefit contributions, dues checkoffs and PAC contributions for Covered Work performed during the Remittance Reports period in the principal amount of $245,718.11;

**WHEREAS**, Defendants owe an additional $9,209.97 in accrued interest, and $7,675.50 for liquidated damages on the First Audit findings for total principal, interest and liquidated damages for the First Audit in the amount of $120,571.33;

**WHEREAS**, Defendants owe an additional $34,927.46 in accrued interest, and $30,752.55 for liquidated damages on the Second Audit findings for total principal, interest and liquidated damages for the Second Audit in the amount of $536,722.04;

**WHEREAS**, Defendants owe an additional $7,860.67 in accrued interest, and $7,095.28 for liquidated damages on the Remittance Reports findings for total principal, interest and liquidated damages for the Remittance Reports in the amount of $260,674.06;

**WHEREAS**, Defendants owe an additional $9,637.00 in imputed audit costs for the First Audit, and $43,958.32 in imputed audit costs for the Second Audit;

**WHEREAS**, Defendants owe an additional $52,592.91 in reasonable attorneys' fees and costs;

**WHEREAS**, since commencement of this Action, the Funds have received payments totaling $214,741.10 from the School Construction Authority ("SCA");

**WHEREAS**, deducting the $214,741.10 in payments received from the SCA, Defendants owe the sum of $809,414.56 ("Total Delinquency"); and

**WHEREAS**, Plaintiffs and Defendants (collectively, the "Parties") have now determined to resolve all claims in the Action under the terms and conditions of this Stipulation and Order of Settlement and Dismissal ("Stipulation") as set forth below:

**NOW, THEREFORE**, in consideration of the promises herein, the Parties hereby agree as follows:

1. Defendants agree to pay to Plaintiffs and Plaintiffs hereby agree to accept, subject to the terms set forth in paragraphs "2" through "8," payment by Defendants in the amount of Seven Hundred Thirty-One Thousand One Hundred Twenty-Nine and 29/100 ($731,129.29) (hereinafter the "Settlement Amount").

2. The Settlement Amount is in full satisfaction of Plaintiffs' claims for delinquent fringe benefit contributions, dues checkoffs, PAC contributions, interest, statutory damages, audit fees, and reasonable attorneys' fees and costs of this Action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1131(g)(2) owed for the First Audit period and Second Audit period.

3. Regarding the Remittance Reports Period, Plaintiffs do not release and specifically reserve the right to seek recovery of any additional fringe benefit contributions, dues checkoffs, and PAC contributions, interest, statutory damages, audit fees, and reasonable attorneys' fees and costs found due and owing pursuant to an audit of Biltmore's books and records for the period of July 1, 2018 to February 28, 2019.

4

4.    Defendants shall pay the Settlement Amount plus interest on the declining balance at the rate of 5% per annum in twelve (12) payments to the Funds, in the amounts and pursuant to the schedule in the chart below.

| Payment Date | Payment Amount | Principal Amount | Interest Amount | Balance Owed After Payment |
|---|---|---|---|---|
| 6/1/2019 | $62,590.14 | $59,543.77 | $3,046.37 | $671,585.52 |
| 7/1/2019 | $62,590.14 | $59,791.87 | $2,798.27 | $611,793.65 |
| 8/1/2019 | $62,590.14 | $60,041.00 | $2,549.14 | $551,752.65 |
| 9/1/2019 | $62,590.14 | $60,291.17 | $2,298.97 | $491,461.48 |
| 10/1/2019 | $62,590.14 | $60,542.38 | $2,047.76 | $430,919.10 |
| 11/1/2019 | $62,590.14 | $60,794.64 | $1,795.50 | $370,124.46 |
| 12/1/2019 | $62,590.14 | $61,047.95 | $1,542.19 | $309,076.51 |
| 1/1/2020 | $62,590.14 | $61,302.32 | $1,287.82 | $247,774.19 |
| 2/1/2020 | $62,590.14 | $61,557.75 | $1,032.39 | $186,216.44 |
| 3/1/2020 | $62,590.14 | $61,814.24 | $775.90 | $124,402.20 |
| 4/1/2020 | $62,590.14 | $62,071.80 | $518.34 | $62,330.40 |
| 5/1/2020 | $62,590.11 | $62,330.40 | $259.71 | $0.00 |

5.    Each payment shall be made by check payable to the "Mason Tenders District Council Trust Funds" and delivered to counsel for the Funds at the offices of Gorlick, Kravitz & Listhaus, P.C., 17 State Street, 4th Floor, New York, New York 10004, to the attention of Joy K. Mele, Esq.

6.    For any monthly payment not received by the Funds' counsel on or before the due date (the 1st of the month), an additional $1,000.00 late payment penalty shall be assessed for every day the payment is past due ("Monthly Payment Penalty Payment"). Returned checks shall not be deemed received until they are replaced and received by Funds' counsel. Any monthly payment that would otherwise become due on a day that falls on a weekend and/or on a holiday shall be received by Funds' counsel no later than the preceding business day. Any Monthly Payment Penalty Payment shall run until filing of the Confession of Judgment referenced in paragraph "9", and will not exceed $10,000.00 for any one late payment.

5

7.      In further consideration of the promises and the terms set forth herein, Defendants agree to remain current in all their obligations, pursuant to the terms of the Agreement in effect, including but not limited to the timely submission of all reports, and the timely and complete payment of all required fringe benefit contributions and checkoffs ("Current Obligations"). For Current Obligations not received by the Funds on or before the 15th day of the month immediately following the month in which the work was performed for which the contributions are owed, an additional $500.00 late payment penalty shall be assessed for every day Current Obligations are past due ("Current Obligations Penalty Payment"). For the sake of clarification, contributions for work performed in May, 2019 are due no later than June 15, 2019. Current Obligations that would otherwise become due on a day that falls on a weekend and/or on a holiday shall be received by the Funds no later than the preceding business day.

8.      Any payments the Funds receive from the SCA relating to the First Audit period, Second Audit period, and/or the Remittance Reports period shall be credited to the earliest unpaid monthly payment. For the sake of clarification, if the Funds receive a payment from the SCA in the amount of $50,000.00 on May 1, 2019, it shall be applied to the payment due on June 1, 2019. Applying the $50,000.00 to the $62,590.14 monthly payment due on June 1, 2019, would leave a balance owed of $12,590.14 due on or before June 1, 2019.

9.      If the Funds do not receive timely payment as required by paragraphs "1" through "7" of this Stipulation, or if Defendants breach any other obligation under this Stipulation, the Funds will notify Defendants of such breach by providing notice pursuant to paragraph "11" below. The Parties agree that Defendants shall then have ten (10) days from the date of the Funds' notice to cure their breach or default under this Stipulation. If Defendants fail to timely cure the noticed default, the

Funds shall have the right, at their sole discretion and without further notice to Defendants, to take any or all of the following actions:

> (a) Enter judgment against Defendants in the form of the Confession of Judgment referenced in paragraph "10" of this Stipulation for the Total Delinquency amount of $809,414.56 and any Monthly Payment Penalty Payment as set forth in paragraph "6" less any payment previously made towards satisfaction of the Settlement Amount; and/or
>
> (b) Initiate litigation against Defendants to collect any unpaid portion of the Settlement Amount, Monthly Payment Penalty Payment, Current Obligations, and/or Current Obligations Penalty Payment owed pursuant to this Stipulation. In such action, the Funds may seek and recover all appropriate relief, including but not limited to interest, statutory and contractual damages, and reasonable attorneys' fees and costs in accordance with the Employee Retirement Income Security Act and/or the Agreement.

In either instance of (a) or (b) above, Defendants waive all defenses except that notice under paragraph "11" was not properly provided under this Stipulation.

10. Simultaneous with the execution of this Stipulation, each Defendant shall execute an Affidavit of Confession of Judgment ("Confession of Judgment"), attached as Exhibits A and B, and shall deliver the original of the executed Affidavit of Confession of Judgment to the attorneys for the Funds at the address provided in paragraph "5" of this Stipulation. Said Affidavit shall be held in escrow by the attorneys for the Funds until such time as provided by paragraph "9" above. The Affidavit of Confession of Judgment with its original signature will be returned to Defendants upon

full payment of the Settlement Amount or filed against Defendants in the United States District Court for the Southern District of New York if Defendants fail to cure any default under this Stipulation as provided in paragraph "9". Defendants agree that the Funds will be entitled to all attorneys' fees and costs incurred in seeking entry of the Affidavits of Confession of Judgment.

11. Any and all notices or other communications required or permitted to be given under this Stipulation shall be sufficient if in writing and shall be deemed to have been duly given upon the mailing thereof by overnight delivery and by electronic mail to the Parties at the addresses set forth below (or at such other address as any party may specify by written notice to the other parties):

| | |
|---|---|
| For Plaintiffs: | Gorlick, Kravitz & Listhaus, P.C.<br>17 State Street, 4th Floor<br>New York, NY 10004<br>Attn: Joy K. Mele, Esq.<br>Email: jmele@gkllaw.com |
| For Defendants: | Rabinowitz, Galina and Rosen, Esqs.<br>94 Willis Avenue<br>Mineola, New York 11501<br>Attn: Michael M. Rabinowitz, Esq.<br>Email: mwitz@optonline.net |

12. The Parties agree that the Funds do not release or defer any claims for, and specifically reserve the right to seek recovery of any additional fringe benefit contributions and checkoffs found due and owing pursuant to an audit of Biltmore's books and records conducted by the Funds and/or their designated representatives for the period of July 1, 2018 through February 28, 2019, and any period thereafter.

13. This Stipulation shall be binding upon and inure to the benefit of and be enforceable by the Parties, and their respective officers, directors, shareholders, subsidiaries, affiliates, related entities, agents, attorneys, representatives, heirs, executors, administrators, heirs, successors, and

assigns, including any direct or indirect successor by purchase, merger, consolidation or otherwise to all or substantially all of the ownership rights and/or assets of Biltmore ("Successor"). Defendants shall require and cause any Successor expressly to assume and agree to perform all the terms of this Stipulation in the same manner and to the same extent that Defendants would be required to perform if no such succession had taken place.

14. This Stipulation and the Agreement constitute the entire agreement between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, if any, between the Parties with respect to the subject matter hereof. If there is an inconsistency between this Stipulation and the Agreement with regard to the specific subject matter of this Stipulation, the terms of this Stipulation shall control. No provision of this Stipulation shall be modified, amended, extended, discharged, terminated or waived except by a writing specifically referring to this Stipulation, signed by the Parties hereto.

15. The Parties agree that the finding by any court or tribunal of competent jurisdiction that any provision or section of this Stipulation is invalid or unenforceable shall void or invalidate that provision or section only and no other. The remainder of this Stipulation shall not be affected thereby and shall then be construed as if the invalid or voided provision or section thereof were not contained in the Stipulation.

16. No waiver of any breach or default hereunder shall be considered valid unless in writing and signed by the party giving such waiver, and no such waiver shall operate or be construed as a waiver of any subsequent breach or default of the same or similar nature.

17. The Parties hereby acknowledge, represent, and warrant that they are authorized to enter into, execute, deliver, perform and implement this Stipulation. Each party further represents

9

that it enters into this Stipulation willingly and voluntarily. Each party agrees to indemnify and hold harmless each other party from all sums which may become due, including costs and reasonable attorneys' fees, as a result of this representation being false or inaccurate.

18. Each party hereby represents that it has obtained the assistance of counsel in negotiating and reviewing this Stipulation, and that it enters into this Stipulation willingly.

19. This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original. Facsimile, electronic and/or PDF signatures are deemed acceptable, and shall constitute an original.

20. This Action and all claims shall be dismissed with prejudice upon the Court's approval hereof except that the Parties agree that the United States District Court for the Southern District of New York shall retain subject matter jurisdiction over the interpretation and enforcement of this Stipulation and all matters related thereto.

21. This Stipulation shall be interpreted and otherwise governed under the laws of the State of New York, except where preempted by ERISA, without any consideration given to its conflict of law principles. Any action or proceeding arising under this Stipulation shall be brought exclusively in the United States District Court for the Southern District of New York.

*Signature Pages to Follow*

Dated: New York, New York

March 12, 2019

GORLICK, KRAVITZ & LISTHAUS, P.C.

By: _____
Joy K. Mele, Esq.
17 State Street, 4th Floor
New York, New York 10004
Attorneys for Plaintiffs

RABINOWITZ, GALINA AND ROSEN, ESQS.

By: _____
Michael M. Rabinowitz, Esq.
94 Willis Avenue
Mineola, New York 11501
Attorneys for Defendants

MASON TENDERS DISTRICT COUNCIL TRUST FUNDS

By: _____
John J. Virga, Director
520 Eighth Avenue, Suite 600
New York, New York 10018

State of New York    )
                     ) ss.:
County of New York   )

On the ___ day of _____, 2019, before me, the undersigned, personally appeared John J. Virga, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his corporate capacity as the Director of the Mason Tenders District Council Trust Funds, and that by his signature on the instrument, the Mason Tenders District Council Trust Funds executed the instrument.

11

Dated: New York, New York

March 12, 2019

GORLICK, KRAVITZ & LISTHAUS, P.C.

By: _____
Joy K. Mele, Esq.
17 State Street, 4th Floor
New York, New York 10004
Attorneys for Plaintiffs


RABINOWITZ, GALINA AND ROSEN, ESQS.

By: _____
Michael M. Rabinowitz, Esq.
94 Willis Avenue
Mineola, New York 11501
Attorneys for Defendants


MASON TENDERS DISTRICT COUNCIL TRUST FUNDS

By: _____
John J. Virga, Director
520 Eighth Avenue, Suite 600
New York, New York 10018


State of New York      )
                       ) ss.:
County of New York     )

On the 18 day of March, 2019, before me, the undersigned, personally appeared John J. Virga, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his corporate capacity as the Director of the Mason Tenders District Council Trust Funds, and that by his signature on the instrument, the Mason Tenders District Council Trust Funds executed the instrument.

*Vickram Mahadeo*

**VICKRAM MAHADEO**
Notary Public, State of New York
No. 01MA6223580
Qualified in Nassau County
Commission Expires June 14, 2022

11

BILTMORE GENERAL CONTRACTORS, INC.

By: _____
Frank Geiser, President
526 Midland Avenue
Staten Island, New York 10306


State of New York      )
    Richmond           ) ss.:
County of Queens       )

On the 18 day of March, 2019, before me, the undersigned, personally appeared Frank Geiser, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his corporate capacity as President of Biltmore General Contractors, Inc., and that by his signature on the instrument, Biltmore General Contractors, Inc. executed the instrument.

FRANK GEISER

By: _____
Frank Geiser
In his Personal Capacity
50 Melville Street
Staten Island, New York 10309

Vanessa Perez
Notary Public, State of New York
County of Richmond
No. 01PE620847
Commission Expires Nov 20, 2021


State of New York      )
                       ) ss.:
County of Richmond     )

On the 18 day of March, 2019, before me, the undersigned, personally appeared Frank Geiser, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his personal capacity, and that by his signature on the instrument, Frank Geiser executed the instrument in his personal capacity.

Vanessa Perez
Notary Public, State of New York
County of Richmond
No. 01PE620847
Commission Expires Nov 20, 2021

12

```
SO ORDERED.

Dated:    March 19, 2019                SO ORDERED.
          New York, New York

                                        [signature: Katherine Polk Failla]

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE
```